UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SMITH,

     Petitioner,

v.

CASE NO. 2:09-CV-13613
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

     Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (dkt. 11) AND ADMINISTRATIVELY CLOSING THE CASE**

Timothy Smith, ("Petitioner"), presently confined at a Michigan Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for manslaughter. Petitioner has also filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

**I. Background**

Petitioner was convicted after a jury trial of manslaughter in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Smith*, No. 277903 (Mich.Ct.App.

June 12, 2008); lv. den. 482 Mich. 1034, 757 N.W.2d 84 (2008).

On September 14, 2009, Petitioner filed a petition for writ of habeas corpus.  Petitioner has also filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims which have not been exhausted with the state courts.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings.  *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998).  However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002)(Lawson, J.); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(Tarnow, J.).  A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Moritz v. Lafler*, 2008 U.S. Dist. LEXIS 21813, 2008 WL 783751 (E.D. Mich. March 19, 2008)(Tarnow, J.); *Williams v. Trombley*, 2006 U.S. Dist. LEXIS 953, 2006 WL 36755, * 2 (E.D. Mich. January 4, 2006)(Roberts, J.); *Tran v. Bell*, 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust.  The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA).

2

See 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether

there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009); *See also Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance (dkt. 11) is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: <u>January 27, 2011</u>

5

2:09-cv-13613-MOB-VMM   Doc # 13   Filed 01/27/11   Pg 6 of 6   Pg ID 701

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, Timothy Smith, and Counsel for the Respondent via ordinary mail or electronic filing.

s/Bernadette M. Thebolt
Case Manager
